UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| THOMAS RUSSELL, | 16-CV-0004-EAW-MJR |
| Plaintiff, | REPORT AND RECOMMENDATION |
| -v- | |
| ASHLEY BROOKE GUNTER, | |
| Defendant. | |

_____

The Hon. Elizabeth A. Wolford has referred this case to the undersigned for all pre-trial matters, including hearing and reporting on dispositive motions. (Dkt. No. 12). The case is a diversity action arising out of a motor vehicle accident between Thomas Russell, a New York resident, and Ashley Gunter, a Pennsylvania resident, on January 3, 2014, in Erie, Pennsylvania. Gunter has never entered the State of New York, does not own any property in New York, and has never conducted any business in New York. She has filed for summary judgment on the basis of lack of personal jurisdiction and improper venue (Dkt. No. 11). Russell does not dispute the lack of personal jurisdiction or improper venue, but he has cross-moved to transfer the case to the Western District of Pennsylvania (Dkt. No. 13). It is undisputed that the Western District of Pennsylvania is a proper venue for this action.

## Discussion

When a case has been filed in a district where it should not have been brought, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406. Even if the original court does not have personal jurisdiction over the defendant, it has the power to

transfer the lawsuit to a district with personal jurisdiction. *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 466 (1962).

In general, the federal courts favor "an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr.* at 466-67. Russell's action would be time-barred if re-filed in the correct venue, since under Pennsylvania law the statute of limitations for a personal injury action is two years.[1] 42 Pa. Cons. Stat. Ann. §5524 (West 2016). Expiration of the statute of limitations weighs in favor of transferring the case rather than dismissing it because dismissal would prevent the action from being decided on its merits. *See Daniel v. Amer. Bd. Of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir. 2005); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

This case is similar to a recent decision from this court, in which a New York resident sued a Connecticut resident over an injury that occurred in Vermont. *Loos v. Mitcheltree*, 13-cv-69S, 2013 WL 3759957 (W.D.N.Y. 2013). The statute of limitations expired four days after she commenced the action. *Id.* at *2. Although the plaintiff could not explain why she had brought the action in the Western District of New York, transfer was found to be in the interests of justice. *Id.* at *3. The plaintiff had been diligent in timely filing her claim, albeit in the wrong forum. *Id.* The defendant would not be unduly prejudiced by having the case transferred to the district in which he lived. *Id.* And unlike dismissal, which is highly prejudicial to the plaintiff, transfer would give both sides a fair opportunity to have their positions heard. *Id.*

Gunter argues that transfer would encourage forum shopping by plaintiffs because it would encourage them to take a gamble on a beneficial venue, knowing that,

---

[1] If the last day falls on a Saturday or Sunday, that day is omitted from the computation. 1 Pa. Cons. Stat. Ann. §1908 (West 2016). This action was timely filed on Monday, January 4, 2016.

at worst, the case will be transferred to a proper venue. But the same argument could be made for any case where the original venue was improper. The remote possibility that the decision will encourage forum shopping does not outweigh the benefits of transferring this case and having it decided on the merits.

I therefore recommend that the defendant's summary judgment motion be denied and the case be transferred to the Western District of Pennsylvania.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Wolford.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which

objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

    **SO ORDERED.**

Dated:    August 4, 2016
             Buffalo, New York

                                */s/ Michael J. Roemer*
                                MICHAEL J. ROEMER
                                United States Magistrate Judge